# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KAREEN HAYES,<br><br>               Plaintiff,<br><br>v.<br><br>LAURA ELIZABETH FLEURY, SHOREHAVEN BEHAVIORAL HEALTH, MILWAUKEE BEHAVIORAL HEALTH, WISCONSIN DEPARTMENT OF SAFETY AND PROFESSIONAL SERVICES, and WISCONSIN INJURED PATIENT AND FAMILIES COMPENSATION FUND,<br><br>               Defendants. | Case No. 22-CV-406-JPS<br><br>**ORDER** |

Plaintiff Kareen Hayes, an inmate confined at Chippewa Valley Correctional Treatment Facility, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 27. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee, motion for subpoenas, motion to change venue, motion to appoint counsel, and screens his complaint.[1] ECF Nos. 2, 16, 26, 28.

---

[1]Plaintiff filed his initial complaint on November 17, 2021. ECF No. 1. He filed an amended complaint on January 28, 2022. ECF No. 12. On March 30, 2022, Plaintiff filed a second amended complaint. ECF No. 18. On April 19, 2022, Plaintiff filed yet another proposed amended complaint. ECF No. 27. Plaintiff did not file a motion related to the proposed third amended complaint; however, in the interest of justice, the Court will treat the third amended complaint as the operative complaint and will screen it accordingly. *See* Fed. R. Civ. P. 15(a)(2).

1.  **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed this complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 10, 2021, Magistrate Judge Peter A. Oppeneer ordered Plaintiff to pay an initial partial filing fee of $280.35. ECF No. 7. Plaintiff paid that fee on January 5, 2022. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2.  **MOTION TO APPOINT COUNSEL**

As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

While framed in terms of a plaintiff's capacity to litigate, this discretion must also be informed by the realities of recruiting counsel in this District. When a court recruits a lawyer to represent a pro se party, the lawyer takes the case pro bono. Unlike a lawyer appointed to represent a criminal defendant during his prosecution, who is paid by the government for his work, an attorney who takes a prisoner's civil case pro bono has no promise of compensation.

It is difficult to convince local lawyers to take such cases. Unlike other districts in this Circuit, *see, e.g.*, L.R. 83.35 (N.D. Ill.), the Eastern District of Wisconsin does not employ an involuntary appointment system for lawyers admitted to practice in the District. Instead, the District relies on the willingness of lawyers to sign up for the Pro Bono Attorney Panel and, once there, accept appointments as needed. *See* Pro Bono Program, *available at*: http://www.wied.uscourts.gov/pro-bono-program.

The District is grateful to the lawyers who participate in the Pro Bono Program, but there are never enough volunteers, and those who do volunteer rarely take more than one or two cases a year. This is understandable, as many are already busy attending to fee-paying clients. Although the Pro Bono Program does provide for payment of certain litigation expenses, it does not directly compensate a lawyer for his or her time. Participants may seek attorney's fees when permitted by statute, such as in successful § 1983 cases, but they will otherwise go unpaid. The small pool of attorneys available to this District for pro bono appointments stands in stark contrast to that of the Court of Appeals, which regularly recruits counsel from across the nation to represent pro se plaintiffs on appeal. *See, e.g.*, *James*, 889 F.3d at 323 (appointing counsel from Washington, D.C. to represent the pro se appellant); *McCaa*, 893 F.3d at 1029 (same).

Against the thin ranks of ready and willing counsel rises the overwhelming tide of pro se prisoner litigation in this District.[2] In 2010, approximately 300 civil actions were filed by prisoner litigants. More than half sought habeas corpus relief, while the remainder were § 1983 actions alleging violations of constitutional rights. Since then, the number of habeas corpus cases has remained largely steady at around 130 per year, while the volume of § 1983 lawsuits has skyrocketed. About 300 § 1983 actions were filed in 2014, and another 300 in 2015—each equal to the entirety of the District's civil prisoner filings from just four years earlier. In 2016, § 1983 actions numbered 385, in 2017 it ballooned to 498, and in 2018 it grew to 549. All told, well over a third of the District's new case filings are submitted by unrepresented inmates. On its best day, this District has the resources to realistically consider appointment of counsel in only a tiny fraction of these cases.

Finally, it must be remembered that, when a court determines that counsel recruitment is appropriate, it can take months to locate a willing lawyer. This delay works to the detriment of all parties and contravenes Congress's instruction in Federal Rule of Civil Procedure 1 that district courts must endeavor to secure the "just, speedy, and inexpensive

---

[2]Although non-prisoner pro se litigants may also be considered for the appointment of counsel under § 1915, the Court does not address that set of pro se litigants here for a few reasons. First, the volume of non-prisoner pro se litigation is miniscule compared to that brought by prisoners. Second, prisoners are much more likely to request the appointment of counsel. Paradoxically, prisoners are usually far better equipped to litigate than non-prisoners, as prisoners have access to electronic filing, institution law libraries, and fellow prisoners who offer services as "jailhouse lawyers." Yet, learning a little of the legal system means that prisoners know they can request the appointment of pro bono counsel, which they do with regularity.

determination of every action." Fed. R. Civ. P. 1. Thus, looming large over each request for counsel are a court's ever-more-limited time and resources.

With these considerations in mind, the Court returns to the question presented: whether counsel can and should be recruited to represent Plaintiff at this stage in this case. First, a court asks whether the litigant has made "reasonable" efforts to obtain his own representation. *Pruitt*, 503 F.3d at 655; *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). It is a question not often litigated; many district court judges either overlook arguably unreasonable efforts at obtaining counsel, or they impose eminently practical requirements such as the submission of evidence demonstrating that the prisoner has tried and failed to secure representation from several lawyers. *See, e.g.*, *Kyle v. Feather*, No. 09-cv-90-bbc, 2009 WL 2474627, at *1 (W.D. Wis. Aug. 11, 2009).

The first element of *Pruitt* is fairly easy to satisfy, but it is not toothless, and it is not a mere technical condition of submitting a certain number of rejection letters. If it was, then a Wisconsin prisoner litigating a § 1983 action could submit rejection letters from ten randomly selected criminal defense lawyers from Nevada and call his work complete. This cannot be. The purpose of the reasonable-efforts requirement is to ensure that if a court and private lawyers must expend scarce resources to provide counsel for a prisoner, he has at least made a good-faith effort to avoid those costs by getting a lawyer himself. To fulfill this duty, a pro se prisoner should reach out to lawyers whose areas of practice suggest that they might consider taking his case. If he learns that some of the lawyers he has contacted do not, he should reach out to others before he concludes that no one will help him.

Plaintiff has submitted no evidence that he has attempted to secure counsel in this case. *See* ECF No. 26. As such, the Court is obliged to deny Plaintiff's motion. If Plaintiff wishes to pursue his request for counsel going forward, he should file another motion to appoint counsel along with evidence that he has made a good-faith effort to secure counsel.

3.  **SCREENING THE COMPLAINT**

    3.1  **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 3.2 Plaintiff's Allegations

Plaintiff alleges serious claims against his therapist, Defendant Laura Elizabeth Fleury ("Fleury"), of sexual exploitation. ECF No. 27 at 6. During the time period of 2011 to 2013, Plaintiff alleges that Fleury manipulated him to have sexual intercourse over 50 times. *Id.* These incidents took place at hotels and Plaintiff's mother's house during outpatient treatment sessions. *Id.*

Plaintiff also names Fleury's employer, Shorehaven Behavioral Health, Milwaukee Behavioral Health, the Wisconsin Department of Safety and Professional Services, and the Wisconsin Injured Patient and Families Compensation Fund as defendants. *Id.* at 2–3. Plaintiff alleges that Shorehaven Behavioral Health contracted with the State of Wisconsin to provide services to Plaintiff. *Id.* at 2. A probation officer informed Shorehaven Behavioral Health that Fleury was having a sexual relationship with a patient. *Id.* at 6. Shorehaven Behavioral Health then fired Fleury in either 2012 or 2013 as a result of the complaint. *Id.* Plaintiff alleges that Shorehaven Behavioral Health failed to forward the complaint to the Wisconsin Department of Safety and Professional Services. *Id.* at 7. Plaintiff

also alleges that Milwaukee Behavioral Health knew about Fleury's inappropriate behavior and failed to report the complaint. *Id.* The Wisconsin Department of Safety and Professional Services failed to uphold Wisconsin administrative code after Plaintiff filed a complaint with it in 2021. *Id.* at 7–8.

### 3.3    Analysis

Plaintiff may proceed on an Eighth Amendment claim against Fleury for excessive force. Sexual abuse can constitute excessive force under the Eighth Amendment. *See Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) ("An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant."); *James v. Baldwin*, No. 17–623, 2017 WL 3057609, at *4 (S.D. Ill. July 19, 2017) (declining to dismiss allegations of sexual abuse under Eighth Amendment excessive force claim). Plaintiff describes the sexual encounters with Fleury, his therapist, as sexual exploitation. Plaintiff alleges that Fleury's employer, Shorehaven Behavioral Health, was contracted with the state of Wisconsin to provide services, and therefore Fleury was acting under color of law for purposes of this claim. As such, Plaintiff may proceed on an Eighth Amendment claim against Fleury.

Second, Plaintiff fails to state a claim against Defendants Shorehaven Behavioral Health, Milwaukee Behavioral Health, the Wisconsin Department of Safety and Professional Services, and the Wisconsin Injured Patient and Families Compensation Fund. As to Defendants Wisconsin Department of Safety and Professional Services and the Wisconsin Injured Patient and Families Compensation Fund, Plaintiff's claims are barred by Eleventh Amendment Immunity. The Eleventh Amendment generally bars

private suits in federal court against a state for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *MCI Telecomm. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 336 (7th Cir. 2000). That immunity extends to state agencies as well and, subject to the *Ex Parte Young* doctrine, to state employees acting in their official capacities. *MCI Telecomm.*, 222 F.3d at 336–37 (discussing *Ex Parte Young*, 209 U.S. 123 (1908)). Under the exception outlined in *Ex Parte Young*, the Eleventh Amendment does not bar a lawsuit against an individual state official in their official capacity for an ongoing violation of federal law if the remedy sought is prospective injunctive or declaratory relief. *MCI Telecomm.*, 222 F.3d at 345 ("[A] private party may sue individual state officials in federal court to obtain prospective relief for an ongoing violation of federal law."). Plaintiff does not seek injunctive relief from the named state agency defendants, and therefore the Eleventh Amendment precludes relief against these agencies. As such, the Court will dismiss Defendants Wisconsin Department of Safety and Professional Services and the Wisconsin Injured Patient and Families Compensation Fund.

As to Defendants Shorehaven Behavioral Health and Milwaukee Behavioral Health, Section 1983 grants a private right of action against a "person" who acts under color of state law to deprive another of rights under federal law, including the Constitution. A key part of § 1983's doctrinal structure is the difference between individual and governmental liability. In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the United States Supreme Court found that a plaintiff may proceed against a municipal government so long as a constitutional violation was caused by: (1) an express government policy; (2) a widespread and persistent practice that amounted to a custom

approaching the force of law; or (3) an official with final policymaking authority. 436 U.S. at 690–91; *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). Municipal liability may be extended to private corporations contracted with a government entity that is acting under color of law. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). In a case against a private contractor that provides healthcare to incarcerated people, the "critical question" for liability is "whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)." *Glisson*, 849 F.3d at 379.

Here, Plaintiff does not allege any facts to state a *Monell* claim against any of these institutional defendants. He makes no mention of the failure to train or any unconstitutional policy, customs, or practice. Indeed, once Shorehaven Behavioral Health became aware of Fleury's inappropriate behavior, Plaintiff acknowledges that she was fired. As such, the Court will dismiss Defendants Shorehaven Behavioral Health and Milwaukee Behavioral Health from this action.

Third, Plaintiff also alleges various state law claims. At this early stage, the Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a). Plaintiff alleges a state law claim for the intentional infliction of emotional distress. For intentional infliction of emotional distress, a plaintiff must plead that the "defendant's conduct was so egregious that the average member of the community would regard the acts forming the basis for the claim as being a complete denial of the plaintiff's dignity as a person." *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1559 (7th Cir. 1991). Construing the facts in the light most favorable to Plaintiff, the complaint pleads conduct that, if true, is so egregious that it may form the basis of a claim for the intentional infliction of emotional distress. Plaintiff also alleges

Page 10 of 16
Case 2:22-cv-00406-JPS   Filed 07/01/22   Page 10 of 16   Document 29

violations of Wis. Stat. § 895.441 for injuries resulting from or arising out of sexual contact with a therapist. The Court will allow Plaintiff to proceed on state law claims for intentional infliction of emotional distress and Wis. Stat. § 895.441 against Fleury.

Finally, the Court notes that Plaintiff's claim may potentially be barred by the statute of limitations. For "§ 1983 claims, a cause of action accrues when the plaintiff knew or should have known that [he] had sustained an injury." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004). Plaintiff alleges the sexual abuse took place from 2011 to 2013; the statute of limitations at that time was six years. *See D'aquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018 the Wisconsin legislature changed the statute of limitations under Wis. Stat. § 893.53 from six years to three years). Plaintiff's claims therefore likely accrued sometime in 2013, and Plaintiff did not file this action for over 6 years until 2021. *See* ECF No. 1. At the screening stage, however, the Court will allow a claim to proceed unless a plaintiff affirmatively pleads a clear statute of limitations issue. Here, the issue is much less clear since Plaintiff claims he was unable to file this action for various reasons and a tolling provision may apply. *See Johnson v. Rivera*, 272 F.3d 519, 521–22 (7th Cir. 2001) (finding exhaustion of administrative remedies tolled the statute of limitations).

4.   **ISSUANCE OF SUBPOENAS AND CHANGE OF VENUE**

On February 18, 2022, Plaintiff filed a motion for issuance of subpoenas. ECF No. 16. Plaintiff seeks subpoenas for discovery records that the defendants are allegedly refusing to provide. The Court will deny Plaintiff's motion as premature; no defendants have been served yet, and any discovery request is therefore premature.

On May 16, 2022, Plaintiff filed a motion for a change of venue. ECF No. 28. Plaintiff states that he does not know whether this Court is a proper venue for his claims. *Id.* He requests that the Court transfer his case to Milwaukee County State Court if the Court views the case fit for state court. *Id.* Plaintiff had the ability to file an action in either state or federal court; he chose federal. Plaintiff's claims are appropriately before the Court since he pleads federal Section 1983 claims for incidents that arose in the Milwaukee area. As such, the Court will deny Plaintiff's motion for a change of venue. If Plaintiff prefers to proceed in state court, he is free to file a new case there and to ask the Court to dismiss the current action without prejudice.

**5. CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment excessive force against Fleury;

**Claim Two:** State law intentional infliction of emotional distress against Fleury; and

**Claim Three:** State law violations of Wis. Stat. § 895.441 against Fleury.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Shorehaven Behavioral Health, Milwaukee Behavioral Health, the Wisconsin Department of Safety and Professional Services, and the Wisconsin Injured Patient and Families Compensation Fund be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Plaintiff's motion for the appointment of counsel, ECF No. 26, motion for subpoenas, ECF No. 16, and motion for change of venue, ECF No. 28, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the third amended complaint, ECF No. 27, and this Order upon Defendant Laura Elizabeth Fleury pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendant Fleury shall file a responsive pleading to the third amended complaint;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why she intends to move to dismiss the complaint, and Plaintiff should strongly consider filing an

amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $69.65 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.